IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tracey Denise Blazer,

    Plaintiff,

  v.                                Case No. 2:20-cv-799

Commissioner of
Social Security,

    Defendant.

ORDER

    Plaintiff Tracey Denise Blazer brings this action under 42 U.S.C. §§405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. In a decision rendered on January 25, 2019, the Administrative Law Judge ("ALJ") found that plaintiff has severe impairments consisting left hip impairment - status post open reduction and internal fixation with intramedullary rod, degenerative disc disease, anxiety, depression, and alcoholism. PAGEID 67. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform light work with certain specified physical and mental restrictions. PAGEID 69. Relying on the testimony of a vocational expert, the ALJ concluded that there are jobs which plaintiff can perform and that plaintiff is not disabled. PAGEID 75-76.

    This matter is before the court for consideration of plaintiff's May 18, 2021, objections to the May 4, 2021, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed. Defendant has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff argued before the magistrate judge that the ALJ erred in failing to find at step two of the analysis that her complex regional pain syndrome ("CRPS"), manifesting as left leg, back and hip pain, was a severe impairment. At step two of the five-step

analysis set forth in 20 C.F.R. §404.1520(a)(4), the ALJ must determine whether the claimant has a severe impairment. 20 C.F.R. §404.1520(a)(4)(ii). A severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. §§404.1520(c), 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Plaintiff bears the burden of proving the existence of a severe, medically determinable impairment that meets the twelve-month durational requirement. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). A severe impairment is established by medical evidence consisting of signs, symptoms, and laboratory findings, not just by a claimant's statement of symptoms. *Griffith v. Comm'r*, 582 F. App'x 555, 559 (6th Cir. 2014)(citing 20 C.F.R. §416.908). The ALJ need not find credible a claimant's subjective complaints or medical assessments which are not supported by the medical evidence or the record as a whole. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Step two is the means by which the Commissioner screens out totally groundless claims, *see Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985), and is a "*de minimis* hurdle," *see Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir. 1988). Where the ALJ has found at least one severe impairment and considers all of a claimant's impairments in the remaining steps of the disability determination, the failure to find additional severe impairments at step two does not constitute reversible error. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)(citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th

Cir. 1987)).

The court agrees with the conclusion of the magistrate judge that the ALJ's decision not to designate plaintiff's CRPS as a severe impairment was supported by substantial evidence, and that, in any event, any error in that regard was harmless because the ALJ addressed plaintiff's CRPS and related symptoms at step four of the analysis in arriving at plaintiff's RFC.

The ALJ thoroughly discussed records documenting plaintiff's complaints of left hip and leg pain during her step four discussion of the record. The ALJ noted that plaintiff broke her left femur on November 27, 2012, and had surgery with intramedullary nailing to repair the fracture. PAGEID 70. The ALJ concluded that plaintiff's "extreme allegations of debilitating hip and knee pain" were contradicted by the generally stable, objective findings from imaging, physical examinations, conservative post-surgical treatment with rehabilitation and medications, and plaintiff's daily activities. PAGEID 70. *See* SSR 16-3p, 2016 WL 1119029, at *7 (Mar. 16, 2016)(ALJ can to look at whether the claimant's statements about the intensity, persistence and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273-74 (6th Cir. 2010)(ALJ can consider whether plaintiff's subjective complaints were supported by objective medical evidence); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 543 (6th Cir. 2007)(ALJ can consider plaintiff's daily activities).

The ALJ noted medical records indicating that: by December 30, 2012, plaintiff did not appear to be in acute distress; she completed physical therapy from 2012 to 2014, and physical therapy

4

did not cause sustained pain elevation; subsequent x-rays showed a healing fracture and no abnormalities, with stable alignment and no evidence of hardware failure; x-rays of her knee were normal; on August 1, 2014, plaintiff was observed to have a normal gait; on January 29, 2015, plaintiff's left hip and knee pain were noted as being stable with gradual improvement; a musculoskeletal examination on January 8, 2016, was normal; an x-ray of plaintiff's thoracic spine indicated mild multi-level degenerative disc disease; on March 17, 2017, Dr. Phillip Swedberg, a consultative examiner, documented a normal neuromuscular examination with the exception of a diminished range of motion of the left hip, and noted that plaintiff had a steady gait and was able to forward bend and squat without difficulty; and plaintiff's primary treating source discontinued plaintiff's prescription for Oxycodone on September 17, 2018, after her drug screens were consistently negative for the presence of her prescription pain medication, *see* SSR 16-3p, 2016 WL 1119029, *7-8 (Mar. 16, 2016)(allowing ALJ to consider evidence showing that the claimant is not following the prescribed treatment in weighing claimant's claims of allegedly disabling symptoms).  PAGEID 70-73.

    Plaintiff contends that the ALJ did not mention plaintiff's CRPS in her decision.  Plaintiff also maintains, somewhat inconsistently, that the ALJ found that her CRPS was not a medically determinable impairment, and therefore the ALJ must not have considered that condition in formulating plaintiff's RFC.  However, neither of those claims is supported by the record.  In her decision, the ALJ did expressly refer to the fact that on March 29, 2016, plaintiff was "diagnosed with left leg hip and knee pain, and complex regional pain syndrome[.]".  PAGEID 71.

    The ALJ also never stated in her decision that plaintiff's CRPS

5

was not a medically determinable impairment. At the beginning of the step four analysis explaining how she arrived at plaintiff's RFC, the ALJ noted that in considering plaintiff's symptoms, she was required to determine: first, whether there is an underlying medically determinable physical impairment; and second, to evaluate the intensity, persistence, and effects of plaintiff's symptoms to determine the extent to which they limit plaintiff's functional limitations, considered in light of the other evidence in the record. PAGEID 69-70. The ALJ stated "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that her statements concerning the intensity, persistence and limiting effects of those symptoms "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." PAGEID 70. The ALJ then discussed plaintiff's medical records, including those documenting plaintiff's multiple complaints of left leg, hip, and back pain and the record which noted the diagnosis of plaintiff's CRPS. PAGEID 70-74.

After summarizing the medical records, the ALJ stated that plaintiff "had medically determinable impairments that could reasonably cause some symptoms and limitations[.]" PAGEID 74. The ALJ further noted that although plaintiff's allegations concerning the extent of those symptoms were not fully supported by the evidence, "the claimant's complaints have not been completely dismissed, but, rather, were included in the residual functional capacity to the extent that they were consistent with the evidence as a whole." PAGEID 74. The ALJ concluded that plaintiff's alleged symptoms, "including the claimant's hip, knee and back pain ... are adequately accommodated for within the residual functional capacity

6

set forth above." PAGEID 74.  Thus, the ALJ's decision indicates that the ALJ regarded plaintiff's CRPS as a medically determinable impairment and considered that condition, including her hip, knee and back pain, in arriving at plaintiff's RFC.

Plaintiff's objections to the report and recommendation are without merit.

III. Conclusion

For the reasons stated above, the court concludes that the ALJ did not err in failing to classify plaintiff's CRPS as a severe impairment, as that decision was supported by substantial evidence. Further, any error was harmless because the ALJ considered plaintiff's CRPS and symptoms of left leg, hip and back pain in formulating plaintiff's RFC.  The ALJ's RFC determination and his conclusion that plaintiff is not disabled are also supported by substantial evidence.  The court overrules the plaintiff's objections (Doc. 20), and adopts the magistrate judge's report and recommendation (Doc. 19).  The decision of the Commissioner is affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: August 9, 2021                   s/James L. Graham
                                  James L. Graham
                                  United States District Judge